**WO**                                                                                           MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Frederick Michael Ellis,           )   No. CV 11-297-PHX-JAT (JRI)
                                   )
      Petitioner,          )   **ORDER**
                                   )
vs.                                )
                                   )
                                   )
Keith Hartsuck, et al.,            )
                                   )
      Respondents.         )
                                   )

Petitioner Frederick Michael Ellis, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). The Court will require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR-2008-146639-001-DT, of theft of a means of transportation and was sentenced to a 10-year term of imprisonment. In his Petition, Petitioner names Keith Hartsuck as Respondent and the

**TERMPSREF**

1 Arizona Attorney General as an Additional Respondent.  Petitioner raises three grounds for
2 relief.

3 In Ground One, Petitioner alleges that his Sixth and Fourteenth Amendment rights
4 were violated because statements he made that indicated his refusal to cooperate with the
5 police were admitted into evidence.  In Ground Two, Petitioner asserts that there was a
6 violation of Miranda v. Arizona, 384 U.S. 436 (1966), because the jury heard that Petitioner
7 invoked his Miranda rights.  In Ground Three, Petitioner contends that his Sixth and
8 Fourteenth Amendment rights were violated because statements he made to police and
9 firefighters that contained profanities were admitted into evidence.

10 Petitioner alleges that he presented these grounds for relief to the Arizona Court of
11 Appeals.  The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

12 **III.    Warnings**

13 **A.    Address Changes**

14 Petitioner must file and serve a notice of a change of address in accordance with Rule
15 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other
16 relief with a notice of change of address.  Failure to comply may result in dismissal of this
17 action.

18 **B.    Copies**

19 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
20 copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a
21 certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner
22 must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to
23 comply may result in the filing being stricken without further notice to Petitioner.

24 **C.    Possible Dismissal**

25 If Petitioner fails to timely comply with every provision of this Order, including these
26 warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet,
27 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
28 comply with any order of the Court).

1 **IT IS ORDERED:**

2     (1)    Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.

3     (2)    The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

    (3)    Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

    (4)    Petitioner may file a reply within 30 days from the date of service of the answer.

    (5)    This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 1st day of March, 2011.

James A. Teilborg
United States District Judge